UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Leamon Bradley Todd, *aka Bradley Todd*, | ) C/A No. 3:08-660-MBS-BM ) ) |
| Plaintiff, | ) ) |
| vs. | ) Report and Recommendation ) |
| The Geneva Convention; Renaissance Inns; ABA Marshan Models, and Venue Enterprises, | ) ) ) ) ) |
| Defendants. | ) |

This is a civil action filed *pro se.* Plaintiff is a resident of Emerald Residential Care (ERC) in Bishopville, South Carolina, and files this action *in forma pauperis* under 28 U.S.C. § 1915. ERC is an assisted living facility which provides care for individuals with mental illness. The Complaint names as Defendants: The Geneva Convention; Renaissance Inns; A.B.A. Marshan Models, and Venue Enterprises.

This is the fifth civil action Plaintiff has filed in this Court since 2000, with some of the allegations contained in the Complaint filed in this case having also been made and considered in some of his previously dismissed cases. . *See, e.g.,* Civil Action Nos. 4:07-650-MBS; 3:05-2649-MBS; 3:05-2107-MBS; 3:05-0922-MBS; 0:00-3884-MBS. *See also U. S. v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992)(district court has the right to take judicial notice of prior related proceedings); *see also U. S. v. Webber*, 396 F.2d 381, 386-87 (3rd Cir. 1968); *Fletcher v. Bryan*, 175 F2d 716 (4th Cir. 1949). For example, Plaintiff claims that he wants to file copyright infringement charges relative to his alleged ownership of Venus Enterprises against some unnamed person or entity and



for some undisclosed amount of damages. Venus Enterprises and alleged copyright violations in relation to that company were the subject matter of Civil Action No. 3:05-922-MBS, which was summarily dismissed and affirmed on appeal to the Fourth Circuit Court of Appeals. *See Todd v. NASA*, No. 06-1163, 193 Fed. Appx. 204 (4th Cir. 2006); *see also* Civil Action No. 3:05-2107-MBS (discussing Civil Action No. 3:05-922-MBS and dismissing due to duplicative allegations regarding conspiracy and copyrights).

Also, Plaintiff's conclusory allegations in the Complaint in this case about his being owed commissions by a company named A.B.A. Marshan Models were made in the complaint filed in Civil Action No. 4:07-650-MBS. Plaintiff alleges that "I made the deal with Marshan Models, the Hilton, Myrtle Bch, S.C.; to get 7 ½ % for all models hired at the beach. I never received payment." Complaint, 3. Plaintiff does not state when this "deal" was made, nor does he state how many, if any, "models [were] hired at the beach," nor does he allege what, if anything, he personally did to require that payment of any commission. These allegations are almost identical to those made against Marshan in Civil Action No. 4:07-650-MBS, wherein they were found too conclusory to state a cause of action.

Finally, Plaintiff once again names the Geneva Convention as a Defendant in this case, claiming to be owed royalties from the Convention because it did not follow up on Plaintiff's alleged attempts to include them in a plan to produce oil from "vegetation." These same allegations were made by Plaintiff, but found insufficient to state a viable federal claim, in Civil Action No. 4:07-650-MBS.[1]

---

[1] With regard to Plaintiff's claim against the Geneva Convention, the Report and Recommendation filed and adopted in Civil Action No. 4:07-650-MBS. states:



The only "new" Defendant named in this case is Renaissance Inns, with the only allegations contained in the Complaint regarding this Defendant being as follows: "11/16/2001, W. Leamon Todd & Marilyn Jan Todd were present, when I commissioned Renaissance Inns." Complaint, 3. It is unclear how this assertion amounts to a claim against the Renaissance Inns. There are also allegations in the Complaint about Plaintiff wanting to be released from a "guardianship" and claims that Plaintiff's father, W. Leamon Todd, is improperly keeping Plaintiff confined in a mental health facility. Plaintiff also claims that his father and uncle have refused his requests to manufacture "aero-space vehicles, w/ computerized radars so they can veer away from objects automatically" as well as "robots w/ brain fluid & android prosthetics." Complaint, 4. Although mentioned prominently in the body of the Complaint, however, Plaintiff's father is not named as a Defendant in the caption of the Complaint or on page 2 in the space provided for "additional defendants". It is noted that similar requests for "habeas corpus" relief from involuntary confinement for mental treatment were also made by Plaintiff in Civil Action No. 0:00-3884-MBS. In the Report and Recommendation filed in that case, Plaintiff was informed that he needed to

---

The remaining captioned Defendant . . . the Geneva Convention [is] also entitled to summary dismissal. In order to state a claim for damages under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he was injured by "the deprivation of any [of his] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-52 (1999); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). . . . . The Geneva Convention is actually a body of law dealing with the protection of wounded members of the armed forces, the treatment of prisoners of war, and the protection of civilians during international armed conflicts. *See Black's Law Dictionary* (8th ed. 2004). [The Geneva Convention] appears to have [no] connection to the State of South Carolina, and Plaintiff fails, in his Complaint, to offer any suggestion that . . . Defendant Geneva Convention acted under color of state law.

(Entry 9, at 5).



exhaust his state remedies before coming to federal court seeking habeas corpus relief; *Id.* (Entry 4, at 2); and the Complaint filed in this case, some seven years later, does not contain any allegations about any pursuit by Plaintiff of a state remedy for release from the mental health facility. All that is alleged is that Plaintiff's doctor said he would "end psychiatric case, if Father agrees, hasn't" and that, perhaps, a "hearing for Guardianship" was held at which Plaintiff was not present. No other information about this "hearing" is provided anywhere in the Complaint, but Plaintiff does assert that his "freedom of religion" is being violated and that he is subjected to "cruel and unusual punishment." He states that wants "a speedy trial" and "my constitutional right." Complaint, 4.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint filed by Plaintiff in this case pursuant to 28 U.S.C. § 1915 (as amended), other provisions in the Prison Litigation Reform Act, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, _ U.S. _, 127 S. Ct. 2197 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Department of Social Servs.*, 901 F.2d 387 (4th

4



Cir. 1990).[2]  Here, this case is subject to summary dismissal for many of the same reasons that Plaintiff's previous cases in this Court were dismissed: conclusory pleading and lack of federal jurisdiction over Plaintiff's claims are evident from the face of the Complaint.

In order for this Court to hear and decide a case, the Court must, first, have jurisdiction over the subject matter of the litigation.  It is well settled that federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute, *Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992); *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986), and which is not to be expanded by judicial decree, *American Fire & Casualty Co. v. Finn*, 341 U.S. 6 (1951).  Further, it is to be presumed that a cause lies outside this limited jurisdiction, *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction, *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936).

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332.  However, the allegations contained in the Complaint filed by Plaintiff in this case do not fall within the scope of either form of this Court's limited jurisdiction, and there is no other possible basis for federal jurisdiction evident.

First, there is clearly no basis for a finding of diversity jurisdiction over this

---

[2] The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the  Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).



Complaint. The diversity statute, 28 U.S.C. § 1332(a), requires **_complete_** diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1) citizens of different States[.]

28 U.S.C. § 1332 (emphasis added). Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 & nn. 13-16 (1978). This Court has no diversity jurisdiction under 28 U.S.C. § 1332 over this case because, according to the information provided by Plaintiff when he filed his Complaint, Plaintiff and at least some of the named Defendants are residents of South Carolina.³ Further, although it is not clear whether Plaintiff's conclusory allegations would be sufficient to support a finding that the $75,000 jurisdictional amount required for an action in diversity would be in controversy in this case, this does not matter in this case because, in the absence of diversity of citizenship, the amount in controversy is irrelevant.

Second, it is clear that the essential allegations contained in the Complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. That is, the Complaint does not state a claim cognizable under this Court's "federal question" jurisdiction. Plaintiff's Complaint appears, at most, to involve possible breaches of contract between Plaintiff and some persons or entities, and such contract

---

³ Even though Defendants A.B.A. Marshan Models and Venue Enterprises each appear to be corporate or business entities and not human beings, according to Plaintiff's allegations, one is owned by him, apparently in Bishopville, SC, and the other is in Myrtle Beach, SC. Even though they are corporate entities, they are still "residents" of South Carolina as that term is legally understood. *See Huggins v. Winn-Dixie Greenville, Inc*., 233 F.Supp. 667 , 669 (D. S.C. 1964).



disputes are generally a matter of state law to be heard in the state courts unless diversity of citizenship is present. *See Mail Mart, Inc. v. Action Mktg. Consultants, Inc.,* 281 S.C. 167, 314 S.E.2d 351 (1984); *Rowland v. Pruitt,* 123 S.C. 244, 116 S.E. 456 (1923). While Plaintiff's allegations do also contain references to alleged violations of certain "civil rights" of "speedy trial" and against "cruel and unusual punishment," they do not specifically state that any of the named Defendants are involved in any kind of constitutional violations. The Complaint may be liberally construed as asserting that Plaintiff's father (not named a defendant) and doctor (also not named as a defendant) are somehow involved in the alleged constitutional violations; however, there are no additional allegations from which any state action on the part of these two individuals may be inferred, and even if Plaintiff had made assertions of state action in connection with his "guardianship" problems, this Court would not be bound by such allegations and would be entitled to disregard them if the facts did not support Plaintiff's contentions. *Lyon v. Centimark Corp*., 805 F. Supp. 333, 334-35  (E.D. N.C. 1992) [When considering the issue of whether a case is one "arising under the Constitution . . ." or, in other words, whether "federal question" jurisdiction is present, a federal court is not bound by the parties' characterization of a case. District courts are authorized to disregard such characterizations to avoid "unjust manipulation or avoidance of its jurisdiction."]; see *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149 (1908); *cf. Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109 (1936)("Not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit."); *Bonner v. Circuit Ct. of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975)(federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges

7



are fully competent to handle them subject to Supreme Court review.").

In any case, any assertion of state action in connection with Plaintiff's claims about his guardianship must be rejected because purely private conduct, such as that alleged in this case against Plaintiff's father or doctor, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment, the two most common provisions under which persons come into federal court to claim that others have violated their constitutional rights. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982); *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721 (1961). In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) the defendant(s) deprived him or her of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); see *Hall v. Quillen*, 631 F.2d 1154, 1155-56 & nn. 2-3 (4th Cir. 1980). Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes "state action." *See, e.g.*, *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982). To qualify as state action, the conduct in question "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and "the party charged with the [conduct] must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. at 937; *see U. S. v. Int'l Brotherhood of Teamsters, Chauffeurs, Warehousemen Helpers of Am., AFL-CIO*, 941 F.2d 1292 (2d Cir.1991). Furthermore, as Plaintiff has previously been informed, the Geneva Convention is not a "person," and thus cannot be held liable under § 1983. *See supra* note 2. The same is true of Defendants Renaissance Inns, A.B.A. Marshan Models, and Venue Enterprises, since all are corporate entities without any apparent

8



connection to state action. Accordingly, they are not "persons" for purposes of a § 1983 lawsuit.

The only other possible basis for the exercise of federal jurisdiction in this case, Plaintiff's "copyright infringement" allegations, *see* Complaint, 3, are entirely too conclusory to permit this Court to infer a viable claim under its federal question jurisdiction. Plaintiff alleges: "Venue Enterprises: I have copyrights for above business @ 88. I want to sue for copyright infringement; don't know how much to ask." *Id.* Although certain, more specific allegations might be sufficient to state a claim for copyright infringement within this Court's subject matter jurisdiction, *see* 28 U.S.C. § 1338, these allegations fail to disclose who Plaintiff wants to sue, specifically why he wants to sue them, or what relief he seeks. As a result, his allegations are far too conclusory to permit this Court to infer a viable copyright claim arising from this Complaint. Indeed, the Complaint filed by Plaintiff is replete with what some courts have described as "buzzwords" or "gibberish[.]" *See Coghlan v. Starkey*, 852 F.2d 806, 812-16 (5th Cir. 1988)(collecting cases); *Ramos v. Thornburg*, 732 F. Supp. 696, 702 (E.D.Tex. 1989); *Yocum v. Summers*, 1991 WL 171389 (N.D. Ill. 1991); *McCutcheon v. N.Y. Stock Exchange*, No. 88 C 9965, 1989 WL 82007 (N.D. Ill. July 10, 1989). It is lacking in any significant factual detail of the supposed wrongdoing of the named Defendants, and it contains many allegations about persons who are not even named as Defendants. As a result, without excessive expenditure of precious judicial resources, it is impossible to determine which, if any, allegations of wrongdoing are made with respect to each Defendant.

Finally, although the "liberal pleading requirements" of Rule 8(a) only require a "short and plain"statement of a claim, plaintiff must "offer more detail . . . than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405

9



(4th Cir. 2001) (internal citations omitted). Specifically, "[t]he presence [] of a few conclusory legal terms does not insulate a complaint from dismissal . . . when the facts alleged in the complaint do not support the legal conclusion." *Id.* at 405 n.9 (internal quotation marks and citations omitted and alterations in original). In other words, even though the Court liberally construes *pro se* pleadings, Plaintiff still must do more than make mere conclusory statements to support his claim. *Brown v. Zavaras*, 63 F.3d 967 (10th Cir. 1995); *see Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994)(affirming district court's dismissal of plaintiff's suit as frivolous where allegation was conclusory and nonsensical on its face); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989)(same, where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion"). Other than a potential, though not viable, copyright action against an undisclosed copyright infringer, no other basis for the exercise of this Court's federal question jurisdiction is evident from the face of the Complaint filed in this case.[4]

In the absence of either diversity or federal question jurisdiction over the claims attempted to be asserted by Plaintiff, this case should be summarily dismissed without issuance of process for Defendants.

## **RECOMMENDATION**

Accordingly, it is recommended that the Court dismiss the Complaint in this case

---

[4] By asserting that he "commissioned" one Defendant (Renaissance), that he was supposed to get some undisclosed commission for some undisclosed number of "models hired at the beach," and that he had "copyrights for [Venue Enterprises]," but not naming any specific infringer or requesting any specific relief and without offering any kind of substantial factual allegations underlying these legal conclusions, Plaintiff's Complaint fails to meet the requirements of either Rule 8(a) or 12(b)(6). The Complaint as submitted is, in fact, frivolous, fails to establish any type of federal jurisdiction over the case, and is subject to summary dismissal. *See Antonio v. Moore*, No. 05-6272, 2006 WL 584395 (4th Cir. March 9, 2006).



*without prejudice* and without issuance and service of process. *See United Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).

    Plaintiff's attention is directed to the important notice on the next page.

                     Bristow Marchant
                     United States Magistrate Judge

March 14, 2008
Columbia, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

